PER CURIAM:
On or about January 12, 1989, claimant was driving her 1980 Chevrolet Citation east on State Route 123 in Mercer County when she alleges that a boulder the size of her car suddenly appeared in her path. Claimant testified that she was able to avoid the boulder, but her vehicle ran over smaller rocks that caused an estimated $1200.00 of structural damage to the front of her vehicle. The accident occurred at approximately 7:30 p.m. and was reported to the Mercer County Sheriffs Department. It appears from the evidence and testimony that a rock slide had occurred one mile west of the intersection of U.S. Route 52 and State Route 123, on the night in question. The record further reveals that the accident occurred in an area that has no rock fall warning signs. Claimant further testified that the accident site is about one mile from her residence, and that she had never seen falling rocks in this area before.
Respondent denies negligence and avers that it was without notice of the falling rocks on Route 123. Frank Costello, the assistant superintendent of Mercer County for respondent, testified that in his ten to twelve years in Mercer County, this was the first time that a slide had occurred in this area of Route 123.
It appears to the Court that testimony from both claimant and respondent is consistent and uncontroverted regarding the occurrence of rock falls in the area; in fact, this may have been the first. For respondent to be held liable for the damage caused by the rock fall, it must have had either actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). It appears to the court that the requisite notice is absent as this rock fall was a first time occurrence for the area. As the State is neither an insurer nor a guarantor of the safety of persons on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947).
Claim disallowed.